UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

RAUL FIGUEROA-GONZALEZ,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 11-1353 (JAF)

(Crim. No. 05-382)

**OPINION AND ORDER**

Petitioner, Raúl Figueroa-Cartagena, brings this pro-se petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence was imposed in violation of his constitutional rights. (Docket No. 1-1.) The Government opposes, (Docket No. 9), and Petitioner replies (Docket No. 13).

**I.**

**Factual and Procedural Summary**

On March 22, 2007, Petitioner pled guilty to three counts of carjacking, 18 U.S.C. § 2119 (2006), and one count of use of a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(a). (Cr. No. 03-582, Docket Nos. 105, 106, 107.) These counts were charged in two separate indictments that were merged for change of plea and sentencing. (Cr. Nos. 05-330; 05-382.) On June 21, 2007, this court sentenced Petitioner to two-hundred sixteen months for the three carjacking convictions, to be served concurrently; and eighty-four months for the firearms conviction, to be served consecutively to the above counts. (Cr. No. 05-382,

Civil No. 11-1353 (JAF)                                                                                      -2-

Docket No. 117.) Petitioner appealed, challenging this court's competency determination and one part of his sentence. (Docket No. 120.) The Court of Appeals affirmed in all respects. United States v. Figueroa-Gonzalez, 621 F.3d 44 (1st Cir. 2010).

In this collateral challenge, Petitioner raises various arguments. (Docket No. 1-1.) Petitioner alleges ineffective assistance of counsel by the four attorneys who represented him at various stages of his case. At trial, Petitioner was represented by Carlos Noriega-Rodríguez, Epifanio Morales-Cruz, and Joseph C. Laws.[1] On appeal, he was represented by Juan Matos de Juan. In this collateral attack, Petitioner alleges seven claims of ineffective assistance by his trial counsel. He also alleges that his appellate counsel was ineffective for failing to raise these seven claims on direct appeal. (Docket No. 1-1 at 3-4.) The government responds, arguing that Petitioner's claims lack merit. (Docket No. 9.) For the reasons explained below, we dismiss Petitioner's claims.

## II.

### Standard for Relief Under 28 U.S.C. § 2255

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his or her sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id.

In general, a petitioner cannot be granted relief on a claim that was not raised at trial or on direct appeal, unless he can demonstrate both cause and actual prejudice for his procedural

---

[1] Petitioner refers to his counsel as "Alverez" but, as the government notes in its response brief, this is an incorrect reference. (Docket Nos. 1-1 at 2-3; 9 at 1 n.1)

default. See United States v. Frady, 456 U.S. 152, 167 (1982). Claims of ineffective assistance of counsel, however, are exceptions to this rule. See Massaro v. United States, 538 U.S. 500 (2003) (holding that failure to raise ineffective assistance of counsel claim on direct appeal does not bar subsequent § 2255 review).

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

The Sixth Amendment "right to counsel is the right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686 (1984) (internal quotation marks omitted); see U.S. Const. amend. VI. To prevail on a claim of ineffective assistance of counsel, Petitioner must show not only a deficient performance by trial counsel, "but also that the deficient performance prejudiced the defense and deprived the defendant of a fair trial." United States v. Manon, 608 F. 3d 126, 131 (1st Cir. 2010) (quoting Strickland, 466 U.S. at 687).

A petitioner may satisfy the deficient performance prong by showing that the trial counsel's representation "fell below an objective standard of reasonableness," a standard that is informed by "prevailing professional norms." Peralta v. United States, 597 F.3d 74, 79 (1st Cir. 2010) (quoting Strickland, 466 U.S. at 688). Furthermore, Petitioner faces the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Choices made by counsel that could be considered part of a reasonable trial strategy rarely amount to deficient performance. Id. at 690. A

Civil No. 11-1353 (JAF) -4-

decision by counsel not to pursue "futile tactics" cannot be characterized as deficient performance. <u>Vieux v. Pepe</u>, 184 F.3d 59, 64 (1st Cir. 1999).

The prejudice factor requires the defendant to "'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" <u>Manon</u>, 608 F.3d at 131–32. (quoting <u>Strickland</u>, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694.

### III.

### Analysis

Petitioner presents eight claims in his motion. (Docket No. 1-1 2-3.) All of these claims lack merit, as we discuss below.

Petitioner's first claim is that his counsel's failure to argue his diminished capacity during sentencing was ineffective assistance of counsel. (Docket No. 1-1 at 2.) We reject this argument as futile, as any claim of diminished capacity would have been rejected. <u>Vieux</u>, 184 F.3d at 6 (holding that futile tactics do not give rise to ineffective assistance of counsel claim). As we noted at trial, Petitioner is "a lot more capable than we think." <u>Figueroa-Gonzalez</u>, 621 F.3d at 47. This court heard evidence regarding Petitioner's ability to plan, execute, and lead crimes, as well as his ability to communicate with his lawyers and assist in the preparation of his defense. <u>Id.</u> On appeal, the Court of Appeals found that this determination was "well within the court's domain." <u>Id.</u> at 48. Any claim of diminished capacity at sentencing would have been rejected.

Next, Petitioner argues that his counsel failed to contest on appeal the district court's appointment of an "unexperience[d] and biased" doctor to evaluate Petitioner's competence. (Docket No. 1-1 at 2.) On appeal, however, the Court of Appeals specifically considered Petitioner's argument that "the court should have held a second hearing sua sponte after receiving Luis' report." Figueroa-Gonzalez, 621 F.3d at 48. The Court rejected the claim, finding that "a court generally need not hold a hearing after a qualifying expert has found a defendant competent." Id. (citations omitted). Petitioner cannot raise claims in a collateral proceeding that were already rejected. Berthoff v. United States, 308 F.3d 124, 127-128 (1st Cir. 2002).

Petitioner next argues that his counsel were inefficient for failing to object to, or raise on direct appeal, the fact that his sentence exceeded the statutory maximum for the carjacking offense. (Docket No. 1-1 at 2.) This claim is also without merit. Petitioner pled guilty to three counts under § 2119, which each carries a maximum fifteen-year statutory prison term. Thus, Petitioner's maximum sentence, just for the carjacking offenses, was forty-five years. See United States v. Hernandez Coplin, 24 F.3d 312, 320 (1st Cir. 1994) ("the statutory maximum is derived by adding up the maximums for each of the counts on which the defendant was convicted"). In this context, a concurrent sentence of 216 months was perfectly appropriate. See United States v. Quinones, 26 F.3d 213, 217 n.5 (1st Cir. 1994) (approving of concurrent sentences where the statutory maximum for one count is sufficient punishment for all counts).

Petitioner's fourth claim is that his counsel erred by failing to object to, and raise on direct appeal, what he calls a "double enhancement" for his use of a firearm. (Docket No. 1-1 at 3.) The Court of Appeals considered sua sponte whether Petitioner's sentence for the firearm

Civil No. 11-1353 (JAF)                                                                                          -6-

count was properly based on brandishing, and concluded that it was. Figueroa-Gonzalez, 621 F.3d at 47. Both parties agreed that the facts on the record "clearly indicate" brandishing. Id. Therefore, the seven-year sentence was appropriate in light of the statute, 18 U.S.C. § 924(c)(1)(A)(ii).

Next, Petitioner argues that his attorneys were deficient for failing to object to, and raise on direct appeal, his sentencing enhancement for his role in the offense. Petitioner argues that his mental defects did not support such enhancement. We reject this claim for the same reasons we gave above. We heard ample evidence to convince us that Petitioner was "more capable than we think," and that he helped plan, lead, and execute these crimes. Any argument that Petitioner was somehow incapable of these feats would have necessarily failed.

Petitioner's next claim is that his attorneys erred by failing to make a jurisdictional objection to the indictment. (Docket No. 1-1 at 3.) Petitioner claims that the indictment suffered from two jurisdictional flaws: It did not include victim testimony necessary to support a guilty verdict, and it alleged purely local offenses. (Id. at 11.) We reject this argument as well. "[I]f an indictment or information alleges the violation of a crime set out in Title 18 or in one of the other statutes defining federal crimes, that is the end of the jurisdictional inquiry." United States v. George, 676 F.3d 249, 260 (internal quotations and citations omitted). The indictment here satisfied this criterion easily. (Cr. No. 05-382, Docket No. 9.) Any jurisdictional arguments by counsel would, therefore, have been futile.

Petitioner's final argument is that his attorneys were ineffective for failing to object to, and raise on appeal, the judge's incorrect application of the sentencing factors under 18 U.S.C. § 3553(a). (Docket No. 1-1 at 3.) This claim also lacks merit. The hearing transcript shows

that defendant's counsel did reference the statutory factors at sentencing. (S.H. Tr. at 3, 5.) This court also considered the statutory factors and applied a sentence within the guidelines range pursuant to the plea agreement. (S.H. Tr. at 7, 9.) Defendant did not object to the pre-sentence report. (S.H. Tr. at 2.) Therefore, any claim that the sentence was in error is mistaken. See United States v. Jimenez, 512 F.3d 1, 5 (1st Cir. 2007) (finding "no reason to allow withdrawal of [defendant's] guilty plea.").

## IV.

## Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Petitioner has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of Petitioner's constitutional claims debatable or wrong. Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

## Conclusion

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in

Civil No. 11-1353 (JAF) -8-

order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 26th day of March, 2013.

                                                s/José Antonio Fusté
                                                JOSE ANTONIO FUSTE
                                                United States District Judge